IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD KENYON,
    Petitioner,

vs.                                  Case No.:  5:11cv417/MMP/EMT

UNITED STATES OF AMERICA, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    This case is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1).  Petitioner paid the filing fee.  This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of the petition is appropriate.

I.    BACKGROUND

    Following a jury trial in the United States District Court for the District of South Dakota, Case No. 3:03cr30071-CBK, Petitioner was found guilty of three counts of aggravated sexual abuse of a child under the age of twelve, in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(A), and 2246(2)(D), and two counts of abusive sexual contact with a child under the age of twelve, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), 2241(c), and 2246(3) (doc. 1 at 2).  *See* United States v. Kenyon, 397 F.3d 1071 (8th Cir. 2005).  He was adjudicated guilty and sentenced on January 13, 2004, to concurrent terms of 324 months of imprisonment on Counts I, II, and III, and concurrent terms of 240 months of imprisonment on Counts IV and V, to run concurrently with the sentences on Counts I, II, III.  *Id.*  Petitioner appealed the judgment and sentence to the Eighth Circuit Court of Appeals, Case No. 04-1182.  *Id.*  The appellate court reversed the judgment and remanded the case to the district court.  *Id.*  After a second trial, the jury convicted Petitioner of four counts of aggravated sexual abuse of a child (Counts I, II, IV, and V), in violation of 18 U.S.C. §§ 1153,

2241(c), 2246(2)(A), 2246(2)(B), and 2246(2)(D). *See* United States v. Kenyon, 481 F.3d 1054 (8th Cir. 2007). Petitioner again appealed the judgment to the Eighth Circuit, Case No. 06-1693. *Id.* The Eighth Circuit affirmed Petitioner's convictions on Counts I and IV, reversed his conviction on Count II based upon an erroneous jury instruction, and reversed his conviction on Count V based upon insufficient evidence. *Id.* Because the sentence was premised upon four counts of conviction, the appellate court also vacated the sentence. *Id.* The appellate court remanded the case for entry of a judgment of acquittal on Count V and for further proceedings on the other counts. *Id.* On remand, the United States dismissed Count II. *See* United States v. Kenyon, No. 3:03cr30071-CBK, docs. 150, 151 (D.S.D. May 11, 2007). In a Second Amended Judgment and Sentence, rendered July 16, 2007, Petitioner was re-sentenced to concurrent terms of 293 months of imprisonment on Counts I and IV. *See id.*, docs. 153–55 (D.S.D. July 16, 2007). The docket in Petitioner's criminal case reflects he did not appeal that judgment, and he filed no post-conviction motions. Indeed, Petitioner states he has not filed a motion under 28 U.S.C. § 2255 and is time-barred from doing so (doc. 1 at 2–3).

Petitioner raises the following claims in the instant petition, filed December 22, 2011:

Ground one: "Custody unlawful, in violation of statutory exemption for intra-tribal crimes, Sioux Treaty of 1868, Article 6, Cl. 2 of U.S. Constitution. Foreign nation Indian. Indian Major Crime Act. 18 U.S.C. § 1153. Indian Law Context."

Ground two: "Custody unlawful, in violation of Fifth and Sixth, Fourteenth Amendment [sic] of U.S. Constitution. Indian status of victims, essential elements, prosecutor's misconduct, improper comments, reflective [sic] behaviors."

Ground three: "Custody unlawful, in violation of Indian Civil Rights Act. 25 U.S.C.S. § 1301, § 1302, § 1303, and of The Sioux Constitution."

Ground four: "Custody is unlawful, in violation of Eighth Amendment, and of The Sioux Treaty and Sioux Constitution, and of 25 U.S.C. § 1301, § 1302, § 1303, cruel and unusual punishment.

(doc. 1 at 3–5).

II.     ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[1]  Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810  (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).  A collateral attack on the

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No:  5:11cv417/MMP/EMT

validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive, or in this case as untimely, under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005). Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).

In this case, Petitioner's claims do not rest upon a circuit law-busting, retroactively applicable Supreme Court decision; therefore, they do not satisfy the Wofford standard. Furthermore, to the extent Petitioner claims he cannot pursue his claims via 28 U.S.C. § 2255 because he is time-barred from doing so, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford, 177 F.3d at 1244–45; *see also* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations if a prisoner, prevented from obtaining relief under § 2255, could simply

turn to § 2241).  Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford, *supra*; Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  The fact that Petitioner cannot meet the gate-keeping requirements of the AEDPA does not open the door to a § 2241 petition.  Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir. 2001); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999).  And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired.  *See* Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000).

Moreover, construing Petitioner's § 2241 petition as a § 2255 motion would be futile, providing no relief.  Petitioner received his federal conviction and sentence in the District of South Dakota, and a § 2255 motion must be filed in the court which imposed the conviction and sentence.  *See* 28 U.S.C. § 2255(a); *see also* Medberry v. Crosby, 351 F.3d 1049, 1056–57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted").  Accordingly, even if this court construed the § 2241 petition as a § 2255 motion, the court would lack jurisdiction over the motion and be required to dismiss the case.  *See* Owensby v. Clark, 451 F.2d 206, 207–09 (5th Cir. 1971) (holding that a non-sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have obtained relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

III.    CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his conviction and sentence, not the execution thereof.  Furthermore, he has not shown that his claims satisfy the three conditions set forth in Wofford, or that § 2255 was otherwise inadequate or ineffective to test the legality of his detention.  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED with prejudice**.

At Pensacola, Florida this 22nd day of February 2012.

          /s/ Elizabeth M. Timothy
          **ELIZABETH M. TIMOTHY**
          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).